IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| THRIVENT FINANCIAL FOR LUTHERANS, | : : | |
| Plaintiff, | : | |
| | : | Case No. 3:04cv327 |
| vs. | : | |
| | | JUDGE WALTER HERBERT RICE |
| JONI THOMPSON, et al., | : | |
| Defendants. | : | |

DECISION AND ENTRY OVERRULING MOTION OF DEFENDANTS JAN LEVY, CAMEROON LEVY, DOUGLAS LEVY, ANNYCE LEVY, MAUREEN LEVY AND JEFF LEVY TO DISMISS (DOC. #9) ; DECISION AND ENTRY SUSTAINING IN PART AND OVERRULING, WITHOUT PREJUDICE, IN PART PLAINTIFF'S MOTION FOR PERMANENT INJUNCTION, RESTRAINING ORDER AND ORDER DIRECTING IT TO DEPOSIT FUNDS INTO REGISTRY OF COURT (DOC. #27); DECISION AND ENTRY OVERRULING, AS MOOT, MOTION OF DEFENDANTS JAN LEVY, CAMEROON LEVY, DOUGLAS LEVY, ANNYCE LEVY, MAUREEN LEVY AND JEFF LEVY TO STAY BRIEFING ON REQUEST FOR INJUNCTIVE RELIEF (DOC. #29); DECISION AND ENTRY SUSTAINING IN PART, OVERRULING, AS MOOT, IN PART AND OVERRULING, WITHOUT PREJUDICE, IN PART MOTION OF DEFENDANTS JONI THOMPSON, DENNIS LUTZ, SHERI MILLER AND RHONDA WOLF FOR LEAVE TO AMEND (DOC. #34); CONFERENCE CALL SET

Plaintiff, a fraternal benefit society, brings this statutory interpleader action under 28 U.S.C. § 1335, a statute which permits federal courts to exercise subject

matter jurisdiction over interpleader actions where two or more adverse claimants are of diverse citizenship.[1]

In its Complaint (Doc. #1), Plaintiff alleges that it issued three annuity contracts to Thelma Levy. Each of the three annuity contracts identified certain individuals as contingent beneficiaries. Thelma Levy died in June, 2002. The Defendants in this litigation are those beneficiaries, as well as the heirs of one of the beneficiaries who had predeceased Thelma Levy. According to Plaintiff's Complaint, some funds were withdrawn from each of the three annuities during

---

[1]Section 1335 provides:
>    (a) The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or property of the value of $500 or more, or having issued a note, bond, certificate, policy of insurance, or other instrument of value or amount of $500 or more, or providing for the delivery or payment or the loan of money or property of such amount or value, or being under any obligation written or unwritten to the amount of $500 or more, if
>    (1) Two or more adverse claimants, of diverse citizenship as defined in subsection (a) or (d) of section 1332 of this title, are claiming or may claim to be entitled to such money or property, or to any one or more of the benefits arising by virtue of any note, bond, certificate, policy or other instrument, or arising by virtue of any such obligation; and if (2) the plaintiff has deposited such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court, there to abide the judgment of the court, or has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper, conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy.
>    (b) Such an action may be entertained although the titles or claims of the conflicting claimants do not have a common origin, or are not identical, but are adverse to and independent of one another.

The required diversity in an action under § 1335 exists, if at least two of the adverse claimants are citizens of different states, without regard to the citizenship of other claimants or the stakeholder. State Farm Fire & Casualty Co. v. Tashire, 386 U.S. 523, 530-31 (1967).

Thelma Levy's lifetime.  Doc. #1 at ¶ 5.  After her death, Plaintiff began to make payments to the beneficiaries of each annuity.  Id. at ¶ 9.  However, Plaintiff was subsequently informed by Defendant Jan Levy,[2] on behalf of himself and his ex-wife, Defendant Annyce Levy, and his children, Defendants Jeff, Cameron, Maureen and Douglas Levy (collectively "Jan Levy family"), that they disputed the right of the other Defendants to receive any past or future payments from those annuities for which they (the other Defendants) are the beneficiaries.  Id. at ¶ 10.  At least one of the other Defendants, Joni Thompson ("Thompson"), has disputed the assertion of the Jan Levy family.  Id. at ¶ 11.  The Plaintiff requests that this Court declare which parties are entitled to be paid what amounts from each of the annuities.

This case is now before the Court on the following motions: 1) Motion by the Jan Levy family to Dismiss (Doc. #9); 2) Plaintiff's Motion for Permanent Injunction, Restraining Order and Order Directing It to Deposit Funds into Registry of Court (Doc. #27); and 3) Motion of Defendants Joni Thompson, Dennis Lutz, Sheri Miller and Rhonda Wolf for Leave to Amend (Doc. #34).  As a means of analysis, the Court will address those motions in the above order.

I.  Motion Filed by the Jan Levy Family to Dismiss (Doc. #9)

Inexplicably missing from Plaintiff's Complaint is any reference to the litigation between many of the parties to this lawsuit concerning the annuities, which has been ongoing in the Probate Division of the Montgomery County Common Pleas Court ("Probate Court").  That litigation grew out of the fact that

---

[2]Jan Levy was Thelma Levy's only son.

Thompson, Thelma Levy's niece, had a power of attorney over her aunt's assets. The Jan Levy family alleged therein that Thompson had breached the fiduciary duty she had owed to her aunt and that she had converted assets that belonged to her aunt's estate. On July 13, 2004, the Probate Court, after having conducted a trial, entered its decision and judgment in which it ordered a distribution of the three annuities.[3] Since the Plaintiff has requested that this Court engage in a similar exercise herein, the Jan Levy family has moved to dismiss this litigation under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that Plaintiff's Complaint fails to state a claim upon which relief can be granted because principles of res judicata and collateral estoppel prevent the Plaintiff from asserting claims that could have been resolved before the Probate Court or relitigating issues decided by that court. See Doc. #9. As a means of analysis, the Court will initially review the standards it must apply whenever it rules upon a defendant's request to dismiss under Rule 12(b)(6).

In Prater v. City of Burnside, Ky., 289 F.3d 417 (6th Cir. 2002), the Sixth Circuit reiterated the fundamental principles which govern the ruling on a motion to dismiss under Rule 12(b)(6):

> The district court's dismissal of a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is also reviewed de novo. Jackson v. City of Columbus, 194 F.3d 737, 745 (6th Cir. 1999), overruled on other grounds by Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002). When deciding whether to dismiss a claim under Rule 12(b)(6), "[t]he court must construe the complaint in a light most favorable to the plaintiff, and accept all of [the] factual allegations as true." Id. (citation omitted). A claim should not be dismissed "'unless it appears beyond doubt that the plaintiff can

---

[3]That decision has been appealed; however, at Thompson's request, the Montgomery County Court of Appeals has stayed both the appeal from that decision and any execution upon it, pending resolution of this litigation.

- 4 -

<div style="margin-left: 2em;">prove no set of facts in support of his claim which would entitle him to relief.'" Buchanan v. Apfel, 249 F.3d 485, 488 (6th Cir. 2001) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).</div>

Id. at 424. In Swierkiewicz v. Sorema N.A., 532 U.S. 506 (2002), the Supreme Court noted that Rule 8(a)(2) of the Federal Rules of Civil Procedure merely requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Id. at 212. Therein, the Court explained further:

> Such a statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims. See id., at 47-48; Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168-169 (1993). "The provisions for discovery are so flexible and the provisions for pretrial procedure and summary judgment so effective, that attempted surprise in federal practice is aborted very easily, synthetic issues detected, and the gravamen of the dispute brought frankly into the open for the inspection of the court." 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202, p. 76 (2d ed. 1990).

Id. at 512-13. See also, Trollinger v. Tyson Foods, Inc., 370 F.3d 602, 615 (6th Cir. 2004) (noting that, at the motion to dismiss stage of proceedings, court will assume that general allegations include specific facts needed to prove a claim).

Plaintiff and the Jan Levy family argue over whether Plaintiff is bound by the Probate Court's judgment. Plaintiff points out that it was not a party to that litigation when the judgment was entered therein. The Jan Levy family, in contrast, points out that Plaintiff had been a defendant in the matter before Probate Court and was dismissed after filing a motion in which it stated that it would be bound by the results reached by that court. Regardless of whether Plaintiff is bound by the decision of the Probate Court, this Court is unable to

conclude that Plaintiff's Complaint must be dismissed for failure to state a claim upon which relief can be granted.[4]  In its Complaint, Plaintiff has named six Defendants who were not parties to the Probate Court litigation.  The Jan Levy family has failed to demonstrate that those Defendants could not prove a set of facts, under which res judicata and/or collateral estoppel would not prevent them from challenging the allocation of the three annuities made by the Probate Court. In rejecting the assertion of the Jan Levy family that this matter must be dismissed in accordance with principles of res judicata and collateral estoppel, the Court is not suggesting that it will permit parties to the Probate Court proceedings to relitigate the decision reached by that court.  Whether the collateral estoppel effect of the Probate Court's decision establishes any facts in this litigation is best determined by a properly supported motion for summary judgment.

Based upon the foregoing, the Court overrules the Motion to Dismiss (Doc. #9) filed by the Jan Levy family.[5]

---

[4]Of course, whether Plaintiff is bound by the judgment of the Probate Court is largely irrelevant, given that it is an impartial stakeholder which has invoked this Court's interpleader jurisdiction under § 1335, and has asked this Court to determine each Defendant's share of that stake, i.e., the three annuities.  In other words, it is hard to imagine that the Plaintiff will play any sort of role in the proceedings which lead to that determination.  If it did, the undersigned would undoubtedly have to question whether the Court can exercise such jurisdiction.

[5]In their Reply Memorandum (Doc. #28), the Jan Levy family questions, for the first time, whether the Plaintiff properly invoked this Court interpleader jurisdiction under § 1335.  Since those Defendants did not afford any other party in this litigation the opportunity of responding to the assertion that the Court is without subject matter jurisdiction, the Court does not address it.  Of course, since objections to subject matter jurisdiction cannot be waived, the Jan Levy family may renew their objection to the Court's subject matter jurisdiction, if it is deemed appropriate.  However, the challenges to subject matter jurisdiction by the Jan Levy family are somewhat questionable.  For instance, those Defendants contend that the Court lacks jurisdiction, because Plaintiff has failed to deposit the amount

II.  Plaintiff's Motion for Permanent Injunction, Restraining Order and Order Directing It to Deposit Funds into Registry of Court (Doc. #27)

With this motion, the Plaintiff requests that the Court grant it injunctive relief and direct it to pay the remaining amount in the three annuities into the Court's registry.  As an initial matter, the Court directs Plaintiff to pay that amount into the registry of court, given that such payment or the posting of bond is required by § 1335.  Accordingly the Court sustains that branch of Plaintiff's Motion for Permanent Injunction, Restraining Order and Order Directing It to Deposit Funds into Registry of Court (Doc. #27).

With this motion, Plaintiff also seeks a restraining order and permanent injunction, preventing parties to the Probate Court action from proceeding with that litigation in any manner and the Defendants who were not parties to this litigation from initiating additional litigation concerning the annuities.  Plaintiff's request for injunctive relief is predicated upon 28 U.S.C. § 2361, which provides in pertinent part:

> In any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting

---

of the annuities or to post a bond.  Although the deposit of funds or posting of a bond is a jurisdictional requisite under § 1335, courts have held that the plaintiff in an interpleader action must be given the opportunity to cure any shortcoming in that regard.  See e.g., U.S. Fire. Ins. Co. v. Asbestospray, Inc., 182 F.3d 201, 210 (3d Cir. 1999).  In addition, the Jan Levy family argues that the Defendants who were not parties to the Probate Court are not adverse to themselves.  Parenthetically, one of the requirements of jurisdiction under § 1335 is that there be at least two adverse claimants to the fund.  An examination of the proposed Amended Answer of Defendants Dennis Lutz, Sheri Miller and Rhonda Wolf (which is attached to Doc. #34), none of whom was a party to the prior litigation, most decidedly demonstrates that the claims of those parties are adverse to those of the members of the Jan Levy family.

> any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court.

A request for an injunction under § 2361 is committed to the discretion of the District Court. National Union Fire Ins. Co. v. Karp, 108 F.3d 17, 23 (2d Cir. 1995); 7 Wright & Miller, Federal Practice and Procedure § 1717.  Rule 65 of the Federal Rules of Civil Procedure is not applicable to requests for injunctive relief under § 2361.  General Ry Signal Co. v. Corcoran, 921 F.2d 700, 703 (7th Cir. 1991).  Thus, it has been held that a party can obtain injunctive relief under § 2361, without demonstrating irreparable injury.  Medieros v. John Alden Ins. Co., 1990 WL 114606 (S.D.N.Y. 1990).  In U.S. Fire. Ins. Co. v. Asbestospray, Inc., 182 F.3d 201 (3d Cir. 1999), the Court noted that, "[b]ecause the injunction available under § 2361 is an exception to the generally applicable rule barring federal injunctions of state court proceedings, 28 U.S.C. § 2283 (1994), federal courts should defer to parallel state proceedings that pre-date the interpleader, especially where, as here, the proceedings have resulted in judgments (or settlements in principle)."  Id. at 211.  See also, Mitchum v. Foster, 407 U.S. 225, 243 (1972) (decision that federal court had power to enjoin state proceeding should not be read to "question or qualify in any way the principles of equity, comity, and federalism that must restrain a federal court when asked to enjoin a state court proceeding."); NYLife Distribs., Inc. v. Adherence Group, Inc., 72 F.3d 371, 381 (3d Cir. 1995) (noting that the District Court retains equitable discretion to determine whether "the issues raised in an interpleader action may be better resolved in a state court").

Herein, this Court exercises its discretion to decline to enter the requested injunctive relief, since such relief, which could restrain state court proceedings, is not necessary at this point and, thus, would violate principles of federalism. The Montgomery County Court of Appeals has stayed the appeal from and enforcement of the Probate Court's judgment. Moreover, there is no indication that any of the Defendants herein, who were not parties to the earlier litigation, will initiate an additional proceeding against Plaintiff, seeking to recover the annuities which are the subject of this litigation. Accordingly, the Court overrules the branch of Plaintiff's Motion for Permanent Injunction, Restraining Order and Order Directing It to Deposit Funds into Registry of Court (Doc. #27), with which it seeks injunctive relief. This ruling is, however, without prejudice to renewal in the event that the current status quo should change in any manner.[6]

III. Motion of Defendants Joni Thompson, Dennis Lutz, Sheri Miller and Rhonda Wolf for Leave to Amend (Doc. #34)

Joni Thompson, Dennis Lutz, Sheri Miller and Rhonda Wolf (collectively "moving Defendants") have requested leave of Court to amend their Answer (Doc. #7) and to assert a counterclaim, cross-claim and third-party complaint. As a means of analysis, the Court will briefly review the standards it must apply whenever it rules upon a request for leave to amend, after which it will turn to the instant such request.

---

[6]Given that the Court has denied Plaintiff's request for injunctive relief, it overrules, as moot, the Motion to Stay Briefing on Request for Injunctive Relief (Doc. #29), filed by the Jan Levy family.

- 9 -

It is axiomatic that leave to amend is to be "freely given when justice so requires." Fed. R. Civ. P. 15(a). In Foman v. Davis, 371 U.S. 178 (1962), the Supreme Court indicated that a District Court should deny leave to amend only in instances where the amendment would be futile, the moving party has acted in bad faith or has repeatedly failed to cure the deficiencies by previous amendments, the opposing party would be subjected to unfair prejudice or the moving party has unduly delayed. See also, Brooks v. Celeste, 39 F.3d 125, 130 (6th Cir. 1994).

No party has opposed the branch of this motion with which leave to amend the moving Defendants' Answer has been requested, and none of the reasons identified by the Supreme Court in Foman causes this Court to conclude that it should not permit the filing of an amended answer. Accordingly, the Court sustains the branch of the Motion of Defendants Joni Thompson, Dennis Lutz, Sheri Miller and Rhonda Wolf for Leave to Amend (Doc. #34), with which they seek to amend their Answer.

The moving Defendants also state that they are seeking leave to amend in order to assert a cross-claim. In their proposed amended pleading, however, they do not expressly set forth a cross-claim; nor, for that matter, have they made any allegations against any other Defendant. Accordingly, the Court concludes that they have not, in actuality, sought leave to amend to assert a cross-claim, and overrules, as moot, the branch of the Motion of Defendants Joni Thompson, Dennis Lutz, Sheri Miller and Rhonda Wolf for Leave to Amend (Doc. #34), with which they seek leave to amend to plead such a claim.

With their proposed counterclaim and third-party complaint, the moving Defendants allege that they are entitled to 88% of one of the three annuities that

are the subject of this litigation and 8.7% of the second such annuity.  They also allege that Thompson is entitled to an additional 8.7% of that second annuity.  According to the moving Defendants proposed counterclaim and third-party complaint, Plaintiff and the proposed third-party defendant Matthew Buehrer ("Buehrer"), an alleged agent of the Plaintiff, are liable to them for those amounts.  This Court will not permit the moving Defendants to plead such claims against Plaintiff and Buehrer, until they are able to demonstrate that this Court can exercise subject matter jurisdiction over those claims.[7]  Briefly, it is not clear that the Court can exercise supplemental jurisdiction over those claims in an interpleader action.  See 28 U.S.C. § 1367(a) (limiting supplemental jurisdiction to claims so related to the claims over which a court can exercise original jurisdiction that they form part of the same case or controversy).  In addition, although Plaintiff has asserted that this Court can exercise diversity jurisdiction, it has failed to include sufficient allegations in the Complaint to substantiate that assertion.  In particular, Plaintiff merely alleges that its principal place of business is in

---

[7]In addition, the moving Defendants' proposed third-party complaint is not proper under Rule 14 of the Federal Rules of Civil Procedure, which limits such pleadings to claims for indemnification or contribution.  See Fed. R. Civ. P. 14(a) (permitting a party to set forth a third-party complaint against someone who is or may be liable to the third-party plaintiff "for all or part of the plaintiff's claim against the third-party plaintiff").  Herein, the Plaintiff has not alleged that Joni Thompson, Dennis Lutz, Sheri Miller and/or Rhonda Wolf is liable to it.  Moreover, those Defendants do not, with their proposed third-party complaint, seek to shift liability to Buehrer.  Rather, they contend that they are entitled to recover certain percentages of the funds remaining in two of the annuities and that, if they do not recover those sums, Buehrer is liable to them for the amount.  The Court expresses no opinion on the question of whether these Defendants would be permitted to join Buehrer as a counterclaim Defendant, in accordance with Rule 13(h) of the Federal Rules of Civil Procedure, if they are able to demonstrate that the Court can exercise subject matter jurisdiction.

Wisconsin.  Additional allegations would necessary to establish Plaintiff's citizenship and, thus, diversity of citizenship.  If Plaintiff is a corporation, it is also a citizen of its state of incorporation.  See 28 U.S.C. § 1332(c)(1).  However, Plaintiff, a fraternal benefit society, may be an unincorporated association, which would render it a citizen of every state of which one of its members is a citizen. Safeco Ins. Co. Of America v. City of White Horse, Tenn., 36 F.3d 540, 544-45 (6th Cir. 1994).

Accordingly, the Court overrules the branch of the Motion of Defendants Joni Thompson, Dennis Lutz, Sheri Miller and Rhonda Wolf for Leave to Amend (Doc. #34), with which they seek to amend to plead a counterclaim and third-party complaint.  This particular ruling is without prejudice to renewal, if those moving Defendant can establish that the Court can exercise subject matter jurisdiction over such claims.

Counsel should note that the Court has scheduled a telephone conference call on Tuesday, October 4, 2005, at 8:45 a.m., for the purpose of setting a trial date and other dates leading to the resolution of this litigation.

September 20, 2005

                                                /s/ Walter Herbert Rice
                                                WALTER HERBERT RICE, JUDGE
                                                UNITED STATES DISTRICT COURT

Copies to:

Counsel of Record.